# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BAYVIEW LOAN SERVICING, LLC,

        Plaintiff,

v.

CALVIN R. WHITE, and All Others,

        Defendant.

1:16-cv-3643-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Bayview Loan Servicing, LLC's ("Plaintiff" or "Bayview") Motion to Remand [2].

## I.  BACKGROUND

On September 7, 2016, Bayview filed a dispossessory warrant ("Complaint") against its tenant, Defendant Calvin R. White ("Defendant") in the Magistrate Court of Fulton County, Georgia.[1]  The Complaint asserts that Defendant is a tenant at sufferance following a foreclosure sale of the Property and seeks possession of premises currently occupied by Defendant.

---

[1] No. 16ED007700.

On September 21, 2016, Defendant filed, in the Magistrate Court of Fulton County, his "Dispossessory Answer" ("Answer"). (Notice of Removal [1] at 7).

On September 28, 2016, Defendant removed the Fulton County Action to this Court by filing his Notice of Removal. Defendant appears to assert that there is federal subject matter jurisdiction because there is in the case a question of federal law. In his Notice of Removal, Defendant claims that Plaintiff violated "various systematic and premeditated deprivations of fundamental [r]ights guaranteed by the U.S. Constitution" and "18 U.S.C. §§ 241 and 242." (Notice of Removal at 3). Defendant also asserts a counterclaim, under 42 U.S.C. § 1983, for an alleged violation of his constitutional rights. (Id. at 1).

On February 8, 2017, Plaintiff moved to remand the action to state court for lack of subject-matter jurisdiction [2]. Plaintiff argues that remand is proper because the Complaint filed in magistrate court asserts a state court dispossessory action and does not present a question of federal law. (See [2.1] at 4). Defendant did not respond to Plaintiff's motion.

## II.  DISCUSSION

### A.  Legal Standard

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant" to federal court. 28 U.S.C. § 1441(a). When a case is removed, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Once a case is removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A removing defendant must file with the district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. When a plaintiff makes a timely motion to remand, "the district court has before it only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007).

B. Federal-Question Jurisdiction

Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'

3

which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Here, the record is clear that Plaintiff's state court Complaint asserts a dispossessory action and does not allege federal law claims. Defendant asserts in his Notice of Removal that removal is appropriate based on a perceived violation of his constitutional rights. Defendant argues that, because the magistrate court does not conduct jury trials, Defendant is deprived of his Seventh Amendment rights. Even if the Defendant's argument were valid, which it is not,[2] it is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Defendant fails to meet his burden to show that removal

---

[2] The Supreme Court has consistently held that the Seventh Amendment applies only to the federal courts. See, e.g., Osborn v. Haley, 549 U.S. 225, 252 n. 17 (2007) ("If the case was brought in a state court and the [defendant] declines to remove, the Seventh Amendment would not figure in the case, for it is inapplicable to proceedings in state court.") (citing Minneapolis & St. L. R.R. v. Bombolis, 241 U.S. 211, 217 (1916)).

is proper based on federal question jurisdiction, and Plaintiff's Motion to Remand is required to be granted.[3]

C. Diversity Jurisdiction

The Court also lacks diversity jurisdiction over this action. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). The record does not show, and Defendant does not assert, that Plaintiff and Defendant are citizens of different states.[4] Even if there is complete diversity between the parties, the

---

[3] To the extent Defendant claims removal under Section 1443 based on "various systematic and premeditated deprivations of fundamental Rights [sic] guaranteed by the U.S. Constitution, [and] by the Constitution of the State of Georgia," ([1] at 3) these broad assertions of general constitutional violations are "phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands." See Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Rachel, 384 U.S. at 788 (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."). Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.

[4] Even if Defendant is a Georgia citizen, Defendant must establish that Plaintiff is not a citizen of Georgia. Plaintiff appears to be a limited liability company, and is thus a citizen of any state of which one of its members is a citizen. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020,

amount-in-controversy requirement cannot be satisfied because this is a dispossessory action.  The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied.  See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002).  The Complaint here seeks possession of property Defendant currently possesses.  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.  See Carter v. Butts Cty., Ga., et al., 821 F.3d 1310, 1322 (11th Cir. 2006) (quoting Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009)) ("[U]nder Georgia law, '[w]here former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance,'" and are thus subject to a dispossessory proceeding under O.C.G.A. § 44-7-50, which "provide[s] the exclusive method by which a landlord may evict the tenant"); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is

---

1022 (11th Cir. 2004).  Defendant has not identified Plaintiff's members and their respective citizenships, and the Court is thus unable to determine if "every plaintiff [is] diverse from every defendant."  See Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  Defendant fails to show that the parties are completely diverse and removal is not proper based on diversity of citizenship for this additional reason.

not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). Defendant fails to meet his burden to show that removal is proper based on diversity jurisdiction, and Plaintiff's Motion to Remand is granted for this additional reason.[5]

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [2] is **GRANTED**. The Clerk of the Court is **DIRECTED** to **REMAND** this action to the Magistrate Court of Fulton County, Georgia.

---

[5] The Court notes that removal is also procedurally defective because Defendant, assuming that he is a citizen of Georgia, cannot remove to federal court an action brought against him in a Georgia state court. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

7

**SO ORDERED** this 20th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE